# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 320 WAL 2021 |
| | : | |
| | : | Petition for Allowance of Appeal |
| v. | : | from the Order of the Superior Court |
| | : | |
| MATTHEW TURK, WILLIAM COLLINS, JAMIE HEYNES, DAVID MCDONNELL, FIRST NATIONAL INSURANCE AGENCY, LLC, FIRST NATIONAL BANK, AND FNB CORPORATION | : | |
| | : | |
| PETITION OF: MATTHEW TURK, FIRST NATIONAL INSURANCE AGENCY, LLC, FIRST NATIONAL BANK, AND FNB CORPORATION | : | |
| | : | |
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 321 WAL 2021 |
| | : | |
| | : | Petition for Allowance of Appeal |
| v. | : | from the Order of the Superior Court |
| | : | |
| MATTHEW TURK, WILLIAM COLLINS, JAMIE HEYNES, DAVID MCDONNELL, FIRST NATIONAL INSURANCE AGENCY, LLC, FIRST NATIONAL BANK AND FNB CORPORATION | : | |
| _____ | : | |
| MATTHEW TURK | : | |
| | : | |
| v. | : | |
| | : | |
| THE BERT COMPANY, NORTHWEST BANK, AND NORTHWEST BANCSHARES, INC. | : | |

PETITION OF: MATTHEW TURK, FIRST  :
NATIONAL INSURANCE AGENCY, LLC, :
FIRST NATIONAL BANK, AND FNB  :
CORPORATION         :

## **ORDER**

**PER CURIAM**

 **AND NOW**, this 29th day of March, 2022, the Petition for Allowance of Appeal is

**GRANTED,** limited to the following issues, as phrased by Petitioners:

 a. Whether, in cases where the compensatory damages award is substantial, a punitive-to-compensatory damages ratio exceeding 9:1 is presumptively unconstitutional under U.S. Supreme Court precedent?

 b. Whether in cases involving joint and several liability—where compensatory damages are awarded, cumulatively, against all defendants and not on an individualized basis—the constitutionally permissible ratio of punitive-to-compensatory damages is calculated on a per-judgment basis and not a per-defendant basis?

 c. Whether, in reviewing the constitutionality of a punitive damages award, a court cannot consider the speculative potential harm that the plaintiff could have suffered and introduce it as a *post hoc* justification for the award, especially when the plaintiff did not present evidence of potential harm to the jury?

 In all other respects, the petition is **DENIED**.  Additionally, the PCCJR's application

to file an *amicus* brief in support of granting allowance of appeal is dismissed as moot.